BANCO POPULAR NORTH AMERICA     \*

          \*

         v.           \*        Civil Case No. CCB-11-0661

          \*

GARNET S. BEAN           \*

          \*\*\*\*\*\*

## MEMORANDUM

Pending before this court is a motion to stay filed by defendant Garnet S. Bean. Mr. Bean contends that this federal case should be stayed pending a final resolution by the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida of the case entitled *Banco Popular North America v. GBHR Corp.*, Case No. 2010-CA-019375-0 (the "Florida Action"). The issues pertaining to this motion have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, defendant's motion to stay will be denied.

## FACTUAL BACKGROUND

On May 14, 2008, plaintiff Banco Popular North America ("Banco Popular") entered into a loan agreement with GBHR Corporation ("GBHR"), a Maryland corporation. Compl. ¶ 8. Pursuant to the loan agreement, Banco Popular loaned money to GBHR for the purchase of property in Orlando, Florida. Compl. ¶ 7-8. GBHR entered a mortgage and promissory note in favor of Banco Popular. Compl. ¶ 9-10. Also on May 14, 2008, Mr. Bean, the president of GBHR, executed an Unconditional and Continuing Guaranty for full and prompt repayment of the loan obligations. Compl. ¶ 11.

On August 26, 2010, Banco Popular filed its original complaint in the Florida Action, naming as defendants GBHR, Mr. Bean, and other unknown defendants. Plaintiff's Opposition

to Motion to Stay (Pl. Opp.) Exh. A.  That original complaint contained a claim for the breach of the Note against GBHR (Count II) and a claim for breach of the Guaranty against Mr. Bean (Count III).  Pl. Opp. Exh. A.  GBHR answered the Complaint and filed a counterclaim.  Pl. Opp. Exh. B.  In lieu of an answer to the Complaint, on October 18, 2010, Mr. Bean filed a motion to dismiss for lack of personal jurisdiction over him by the Florida courts.  He was subsequently dropped from the Florida Action.  Pl. Opp. Exh. E.

On March 11, 2011, Banco Popular filed the instant action in this court against Mr. Bean, a one-count complaint for breach of the Guaranty (the "federal case").  On April 6, 2011, Banco Popular filed an Amended Complaint in the Florida Action naming GBHR and twelve additional defendants.  Pl. Opp. Exh. J.  Mr. Bean is not currently named as a party to the Florida Action.

**ANALYSIS**

**I.     Legal Standard**

Mr. Bean contends that this court should abstain from its exercise of jurisdiction pursuant to the *Colorado River* doctrine, pending resolution of the Florida Action.  *Colorado River* governs the determination of when a federal court should abstain where there is litigation pending in state court, and where considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" counsel in favor of permitting the controversy to be resolved in state courts rather than federal courts.  *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* (citation omitted). "It is well-settled that 'our dual system of federal and state governments allows parallel actions to proceed to judgment until

one becomes preclusive of the other.'" *Great Am. Ins. Co. v. Gross,* 468 F.3d 199, 205 (4th Cir. 2006). "Indeed, despite what may appear to result in a duplication of judicial resources, the rule is well recognized that the pendency of an action in the state system is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 205–06 (alterations omitted). "Moreover, the Supreme Court has cautioned that federal courts are bound by a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Id.* at 206-07. (quoting *Colorado River,* 424 U.S. at 817). Accordingly, a federal court may abstain in deference to concurrent state court proceedings only if they are parallel, and even then only in "exceptional circumstances." *Id.* at 207–08. This court then follows a two-step process: first, to determine whether the state and federal proceedings are parallel and then, if so, to determine whether exceptional circumstances are present warranting abstention.

## II.     Parallel Proceedings

The Florida Action and the federal case are not coextensive, but they are parallel. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Gannett Co., Inc. v. Clark Constr. Grp., Inc.,* 286 F.3d 737, 742 (4th Cir. 2002). While undeniably the Florida Action is much broader than the instant suit, and involves many additional parties and claims, the claim for breach of the Note against GBHR, pending in the Florida Action, and the claim for breach of the Guaranty against Mr. Bean, pending in the federal case, substantially overlap. The defenses that have been advanced to date by GBHR and the defenses advanced by Mr. Bean in this case are essentially the same. The interests of GBHR and Mr. Bean, GBHR's president, are closely aligned. Mr. Bean's liability, as the guarantor of GBHR's obligations, exists only if GBHR is liable for a breach of the Note. *See Nat'l Textiles, LLC v. Daugherty*, 250 F.Supp.2d 575, 578 (M.D.N.C. 2003) (determining that separate court

proceedings against a guarantor and a company were parallel where the guarantor, the president of the company, was secondarily liable for the company's debt).  The same amount in damages is sought by Banco Popular in its actions against GBHR and Mr. Bean.  For all of those reasons, with respect to the core issues under consideration, these cases present substantially the same parties litigating substantially the same issues in different forums.

## III.     Exceptional Circumstances

"[E]ven when a federal action is parallel to a state action, only 'exceptional circumstances' justify a federal court in avoiding its 'virtually unflagging obligation . . . to exercise the jurisdiction given [it]." *Gannett Co., Inc.,* 286 F.3d at 744 (quoting *Colorado River*, 424 U.S. at 817).  The Supreme Court has identified six factors to be considered in determining whether exceptional circumstances exist: "(1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights."  *Chase Brexton Health Servs., Inc. v. Maryland,* 411 F.3d 457, 463-4 (4th Cir. 2005); *see also Gannett Co., Inc.*, 286 F.3d at 741.  In considering these factors, the court "must balance the weight of each in accordance with the facts of a given case 'with the balance heavily weighted in favor of the exercise of jurisdiction.'"  *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 935 (4th Cir. 1992) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983)).  Each factor is addressed below:

(1) *In rem jurisdiction over property*

The parties agree that this factor is inapplicable, as only money damages are sought in the federal case. As a result, the first factor supplies no support for abstention.

(2) *Inconvenience of federal forum*

Mr. Bean contends that Florida is a more convenient forum than Maryland for the adjudication of these claims. This is one of several factors in which Mr. Bean's predicament is entirely of his own making. Banco Popular originally sued both GBHR and Mr. Bean in the Florida Action. Mr. Bean's objection to the Florida court's exercise of personal jurisdiction over him caused the instant case to be filed against him in Maryland. To now permit him to prevent Banco Popular from proceeding forward in Maryland, on the basis of his claim that Florida is the most convenient forum, would be patently unfair to Banco Popular.

Moreover, the federal forum is not particularly inconvenient, as both Mr. Bean and GBHR are located in Maryland. As this dispute proceeds forward in either jurisdiction, some records and witnesses will be traveling between Maryland and Florida. Both Mr. Bean and Banco Popular are represented by counsel in Florida, who can coordinate any necessary discovery in that venue. The prospective inconvenience of the federal forum therefore provides little support for abstention.

(3) *Avoiding piecemeal litigation*

Mr. Bean contends that the threat of piecemeal litigation, which was entirely created by his own objection to the jurisdiction of the Florida court, supports abstention in this case. Banco Popular should not be deprived of the opportunity to litigate its claims against Mr. Bean in a timely manner in *any* forum by virtue of Mr. Bean's various procedural arguments.

Moreover, the Supreme Court has instructed federal courts that they are normally to accept jurisdiction even in the face of concurrent state litigation. *Colorado River,* 424 U.S. at 817. The "mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Id.* at 816. This case presents a routine circumstance of concurrent litigation where a decision in one forum may have preclusive effect in another forum. There is nothing extraordinary about the potential for piecemeal litigation in this case to support abstention.

(4) *Order in which jurisdiction was obtained and progress achieved*

Although the Florida Action was filed first, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone,* 460 U.S. at 21. In the federal case, Mr. Bean has answered the Complaint. In the Florida Action, an Amended Complaint and Third Party Complaint have been filed, but were not answered as of the time the pending motion was filed in this case. Also in the Florida Action, the parties have served limited discovery requests and responses, but depositions have not yet been taken. As a result of the complicated issues and the added defendants in the Florida Action (including certain parties that have been ordered to arbitration and have appealed that order), the fact that early stages of discovery have commenced does not indicate that the Florida Action will move more expeditiously than the far less complicated federal case. As a result, this factor does not weigh in favor of abstention.

(5)    *Governing law on the merits*

The parties agree that Florida law governs the contractual issues in this case, and that no issue of federal law is presented. That fact, however, is not dispositive as to whether this factor weighs in favor of abstention. The Supreme Court has made clear that the presence of state law

and the adequacy of state proceedings can be used only in "rare circumstances" to justify *Colorado River* abstention. *See Moses H. Cone,* 460 U.S. at 26. Instead, this factor is intended to justify retention of jurisdiction where an important federal right is implicated and state proceedings may be inadequate to protect the federal right, *id.,* or to justify abstention where retention of jurisdiction would create "needless friction" with important state policies. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 717-18 (1996) (noting that the Supreme Court's abstention jurisprudence "reflect[s] a doctrine of abstention appropriate to our federal system, whereby the federal courts, exercising a wise discretion, restrain their authority because of scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." (internal quotation marks omitted)). The mere fact that state law governs the contractual issues in this case "do[es] not weigh in favor of abstention, particularly since both parties may find an adequate remedy in either state or federal court." *Gordon v. Luksch,* 887 F.2d 496, 498 (4th Cir. 1989); *see also Black Sea Investment Ltd. v. United Heritage Corp.,* 204 F.3d 647, 651 (5th Cir.2000) (noting that these factors only rarely can be used to support abstention); *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,* 800 F.2d 325, 328 (2d Cir.1986) ("[The adequacy of the state forum], like choice of law, is more important when it weighs in favor of federal jurisdiction. It is thus of little weight here.").

Moreover, in diversity cases, such as this one, federal courts regularly decide questions of state law. Abstention solely on the basis of the presence of state law would undermine diversity jurisdiction. *Evans Transp. Co. v. Scullin Steel Co.,* 693 F.2d 715, 717 (7th Cir. 1982) ("[U]ntil Congress decides to alter or eliminate the diversity jurisdiction we are not free to treat the diversity litigant as a second-class litigant, and we would be doing just that if we allowed a weaker showing of judicial economy to justify abstention in a diversity case than in a federal-

question case."). For those reasons, this factor also does not provide the type of extraordinary circumstances warranting abstention.

(6) *Adequacy of state proceeding to protect the parties' rights*

In this case, the state proceeding is unable to protect the parties' rights. Because the Florida courts do not have personal jurisdiction over Mr. Bean, Banco Popular cannot litigate its claims against Mr. Bean in Florida. Abstention is appropriate only where the state court proceeding will be an "adequate vehicle for the complete and prompt resolution of the issues between the parties." *Chase Brexton,* 411 F.3d at 464. The Florida Action cannot protect the plaintiff's rights to prompt consideration of its claims against Mr. Bean, and this factor therefore also weighs against abstention.

**Conclusion**

Given the heavy presumption favoring the exercise of jurisdiction and the lack of extraordinary circumstances in this case, for the reasons set forth above, the defendant's Motion to Stay will be denied. A separate Order follows.

Dated: <u>July 11, 2011</u>                                   _____ /s/_____
                                                              Catherine C. Blake
                                                              United States District Judge